# Lyon *versus* Daniels & Williams.

1. The court is to judge of evidence offered to prove the incompetency of a person offered as a witness, who is objected to as being a partner with the plaintiff.
2. The court have no right to direct *a non-suit*.

ERROR to the Common Pleas of *Clarion county*.

This was an action of assumpsit on book account, brought by John Lyon *vs.* Daniels & Williams, partners. The *narr.* contained the common counts, and defendants plead the general issue, and payment, &c.

Plaintiff called Jacob B. Lyon. He was objected to by defendants' counsel, who proposed to prove that he was a partner with John Lyon, in the contract in question—and that he ought to be joined as a plaintiff, &c.

To this offer of evidence, plaintiff's counsel objected, and the court overruled the objection.

Evidence was accordingly given as to Jacob B. Lyon being a partner; and the court, being of opinion that the evidence proved to the court that Jacob B. Lyon was a partner with John Lyon in the contracts in question, rejected the evidence of Jacob B. Lyon.

To this opinion, plaintiff's counsel excepted.

There being no evidence, the court ordered a *non-suit* to be entered, and discharged the jury. After the jury had left the box, the plaintiff's counsel objected to the order of the court, directing

[Lyon *v.* Daniels & Williams.]

a *non-suit*, and requested that the verdict of the jury be taken. The court refused to recall the jury—and the plaintiff's counsel again except to the opinion of the court.

It was *inter alia*, assigned for error :

The court erred in receiving the testimony offered by the defendants, to prove the witness, Jacob B. Lyon, to be a partner with the plaintiff. The case being at issue on the merits, the testimony should have been submitted to the jury.

The court erred in excluding Jacob B. Lyon as a witness. His testimony should have been received, and its credibility left with the jury.

The court erred in directing a non-suit to be entered against the consent of the plaintiff.

The case was argued by *Lathy*, for plaintiff in error.—As to the last error, reference was made to 4 *Bin.* 34 ; 1 *Ser. & R.* 360 ; 2 *Yeates* 133 ; 13 *Johns. Rep.* 334 ; 6 *Pick.* 117 ; 14 *Mass.* 154.

*McCalmont*, for defendant in error.

PER CURIAM.—There was evidence that John and Jacob B. Lyon were partners; and it was for the judge to decide it; but he had no power to direct a non-suit. The plaintiff had a right to go to the jury, if for no other purpose, to have the benefit, on error, of his bills of exceptions to evidence, which he could not have had, if he had submitted to a non-suit. He may perhaps make a better case on another trial.

Judgment reversed and *venire de novo* awarded.